IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **James V. Neal, et al.,** | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | No. 13-2522 |
| | ) | |
| **First Alliance Bank, et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Western District of Tennessee.  Appellants Connie Neal and James Neal ("Debtors") appeal the Bankruptcy Court's decision sustaining the Trustee's objection to the Debtors' exemption of two annuities from the bankruptcy estate.  (App. Brief, ECF No. 11 at 3-4.)  First Alliance Bank, Bankplus Bank, and the Chapter 7 Trustee ("Appellees") respond that the annuities do not qualify under the statutory exemption.  (Resp., ECF No. 12 at 10.)  For the following reasons, the Bankruptcy Court's decision is AFFIRMED.

**I.   Background**

The parties do not dispute the factual findings of the Bankruptcy Court. On or about May 24, 2012, the Debtors filed a voluntary petition for Chapter 7 Bankruptcy. (App. Brief, ECF No. 11 at 7.) They listed two annuities on Schedule B (Personal Property of Debtors) of their Bankruptcy Petition: Prudential Annuities' Services account ending in 4160 in the amount of $108,146.10 ("Annuity 4160"), and Prudential Annuities' Services account ending in 4524 in the amount of $110,233.09 ("Annuity 4524") (the "Annuities"). (Id. at 7.) The Debtors included the Annuities on Schedule C (Property Claimed as Exempt), claiming that they were exempt under TENN. CODE ANN. § 26-2-11(1)(D). (Id.) The Chapter 7 Trustee objected. (Id.) The Debtors amended Schedule C to claim exemption under TENN. CODE ANN. § 56-7-203. (Id.) Creditors First Alliance Bank and BankPlus joined the Trustee's Objection to Exemptions and adopted and incorporated the Trustee's legal position. (Id. at 8.)

On the date the Chapter 7 Bankruptcy Petition was filed, the structure of the annuities was:

    A. Annuity 4160

        a. Owner: James Neal

        b. Annuitant: Connie Neal

        c. Beneficiary: Connie Neal

    B. Annuity 4524

        a. Owner: Connie Neal

    b. Annuitant: James Neal

    c. Beneficiary: James Neal

(Id. at 10.)  According to the contracts for the Annuities, the "owner" is "[t]he person or entity shown in the Schedule unless later changed, that owns the master group contract under which [the] Annuity is issued;" the "annuitant" is the person on whose life the annuity payments are based; and the "beneficiary" is "[t]he person designated as the recipient of the death benefit." (Annuity Schedule, Bankr. No. 12-25439-L, ECF No. 211-5 at 3, 4.)

  On June 19, 2013, the Bankruptcy Court conducted a hearing on the Trustee's Objection to Exemptions.  (App. Brief, ECF No. 11 at 3.)  The Bankruptcy Court sustained the Trustee's objection, holding that the Annuities did not qualify under Tenn. Code Ann § 56-7-203 ("Bankruptcy Order").  (Bankr. Order, Bankr. No. 12-25439-L, ECF No. 233.)

  The statutory exemption provides that:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the spouse and/or children, or dependent relatives of the persons, shall be exempt from all claims of the creditors of the person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to that person.

3

TENN. CODE ANN. § 56-7-203. The Bankruptcy Court interpreted the exemption to apply only when the "annuity contract upon the life of any person" (i.e., the annuitant) was "made for the benefit of . . . dependant relatives" of the annuitant, not for the benefit of the annuitant herself. (Bankr. Order at 13-15.) The Bankruptcy Court concluded that, becuase Connie Neal was both the annuitant and the beneficiary under Annuity 4160, and James Neal was both the annuitant and the beneficiary under Annuity 4524, the Annuities did not qualify under the statutory exemption.

 II.  **Jurisdiction and Standard of Review**

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1). A district court reviews bankruptcy judges' conclusions of law de novo. In re Desilets, 291 F.3d 925, 927 (6th Cir. 2002) (citing In re Baker & Getty Fin. Services, Inc., 106 F.3d 1255, 1259 (6th Cir. 1997)). The only issue on appeal is whether the Bankruptcy Court correctly interpreted and applied a state statutory exemption, a question of law. (See App. Brief, ECF No. 11 at 7.)

 III. **Analysis**

The Debtors argue that the Bankruptcy Court misinterpreted the statutory exemption in § 56-7-203 and allowed the Trustee to

4

include exempt property in the bankruptcy estate. (Id. at 12.) Under the Debtors' reading of § 56-7-203, the exemption applies to an annuity based on the life of "any person" that is created for the benefit of that person. (Id. at 16.) The Debtors argue that the Bankruptcy Court impermissibly "crafted" a new statute by substituting "annuitant" for "any person" and "the persons" in its analysis. (Id. at 13, 14; see Bankr. Order at 12.)

Appellees argue that the Bankruptcy Court correctly concluded that an annuity is exempt under § 56-7-203 "only if the designated beneficiary is a spouse, child or dependant relative of the annuitant." (Resp. Brief, ECF No. 12 at 10.) Appellees argue that, because the annuitant and the beneficiary are the same person in each of the Annuities, the exemption does not apply, and the Annuities are justifiably included in the bankruptcy estate. (Id. at 12-13.)

Interpretation of a statute begins with its text. BP America Production Co. v. Burton, 549 U.S. 84, 92 (2006). The statute provides that:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of . . . the spouse and/or children, or dependent relatives of the persons, shall be exempt . . . .

TENN. CODE ANN. § 56-7-203 (emphasis added). "[A] word is known by the company it keeps (the doctrine of noscitur a sociis)." Gustafson v. Alloyd Co., Inc., 513 U.S. 561, 575 (1995). A

5

reading of the words surrounding "any person" makes clear that the Debtors' interpretation is not tenable. The text refers to "any annuity contract <u>upon the life of any person</u> . . . ." T<small>ENN</small>. C<small>ODE</small> A<small>NN</small>. § 56-7-203 (emphasis added). "Upon the life of" gives meaning to "any person." <u>See</u> <u>id.</u> An annuitant is defined in the Annuities contracts as the person on whose life the annuity payments are based. (Annuity Schedule, Bankr. No. 12-25439-L, ECF No. 211-5 at 3.) The Bankruptcy Court's substitution of "annuitant" for "any person" is consistent with the text's obvious meaning. (<u>See</u> Bankr. Order at 12.)

The Debtors also assert that the Bankruptcy Court impermissibly substituted "annuitant" for "the persons" in its analysis of the statute. (App. Brief, ECF No. 11 at 13). Although the Debtors do not suggest an alternative interpretation of "the persons," the parties in <u>In re Demarco</u>, a prior bankruptcy decision in this district, argued that "the persons" refers to the "spouse and/or children, or dependent relatives . . ." of the annuitant. <u>See</u> 491 B.R. 236, 240 (Bankr. W.D. Tenn. 2013). Under that interpretation, the text would read:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of [the annuitant] made for the benefit of . . . the spouse . . . of the [spouse . . . of the annuitant], shall be exempt . . . .

6

See TENN. CODE ANN. § 56-7-203; In re Demarco, 491 B.R. at 240. The spouse of the spouse of an annuitant is the annuitant. That reading of the statute would not prohibit the annuitant and the beneficiary from being the same person. Annuity 4160 and Annuity 4524 would qualify for the exemption.

The Bankruptcy Court rejected that interpretation in Demarco and in this case, holding that "the persons" refers back to the annuitant. See In re Demarco, 491 B.R. at 240-41; (Bankr. Order at 12.) Under the Bankruptcy Court's view, the statute reads:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of [the annuitant] made for the benefit of . . . the spouse . . . of the [annuitant], shall be exempt . . . .

See TENN. CODE ANN. § 56-7-203; (See Bankr. Order at 12.) In this case, the Bankruptcy Court refers to and relies on the analysis of the statute in Demarco. (Bankr. Order at 9.) In Demarco, the court concluded that the plural reference to "the persons" was "simply a matter of careless amendment." In re Demarco, 491 B.R. at 240 n.2. The court opined that its interpretation that "the persons" referred to the annuitant:

> highlights the intended purpose of this statute: to ensure that beneficiaries are not deprived of benefits as the result of the claims of creditors of the insured. The statute in its original form protected policies of life insurance or annuity contracts upon the life of "any person" made for the benefit of, or assigned to, "the wife or children, or dependent

7

>    relatives of such persons." [Lunsford et. al. v.
>    Nashville Savings & Loan Corp., 35 S.W.2d 395, 395
>    (Tenn. 1931).] Recall, of course, that when this
>    statute was enacted—1925—wives were considered the
>    dependents of their husbands. The statute was later
>    amended to substitute "spouse" for "wife," to include
>    both husbands and wives as possible protected
>    beneficiaries; it was also amended to substitute
>    "and/or" for "or" to make clear that the policy or
>    contract might be made for the benefit of the "wife
>    and/or children" not simply for the "wife or
>    children." The result of these amendments created the
>    possible ambiguity in the [] instance of the use of
>    the term "persons." In its original version, the
>    referent of the term "persons" is clearly "any person"
>    upon whose life a policy of life insurance or contract
>    of annuity is made.

In re Demarco, 491 B.R. at 242-43 (emphasis in original).

The Bankruptcy Court's interpretation is correct.  It is consistent with the original version of the statute and the most natural reading of the current version.  It also furthers the statute's purpose, which is not to exempt insureds or annuitants from creditors' claims, but to provide an exemption for proceeds payable to third-party dependents.  See Tenn. Code Ann. § 56-7-203.

Under Annuity 4160, Connie Neal is both the annuitant and the beneficiary.  Under Annuity 4524, James Neal is both the annuitant and the beneficiary.  Because the exemption in § 56-7-203 applies only when beneficiaries are the "spouse and/or children, or dependent relatives" of the annuitant, neither of the Annuities qualifies for the exemption.

8

**IV.  Conclusion**

The Bankruptcy Court correctly concluded that the exemption in TENN. CODE ANN. § 56-7-203 does not apply to annuities that have the same annuitant and beneficiary.  For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED.

So ordered this 22nd day of October, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
